Bee varo, J.
If the motion was to avert the judgment, I should be indined to grant it; for the issue does not appear to be material. The plea does not answer the declaration as it ought to do; but sets forth a different contract, and a breach of it by the plaintiff; and on this, issue is taken, and not in the cause of action stated in the declaration. But the motion is for a non-suit on the ground that the evidence does not prove the contract declared on; and for a *98 new trial on account of the mis-direction of the judge, who charged the jury to find for the plaintiff, if they thought the evidence sufficient to prove the special agreement in issue.
If the plea could he considered as amounting only to the general issue, I should be clearly of opinion the motion for a non-suit, ought to be sustained, inasmuch as the evidence did prove a special agreement; whereas, the declaration was an implied promise. But the case will not imply an agreement, where the parties have expressly stipulated; and, therefore, where there is a subsisting special agreement, it must be laid in the declaration, and proved as laid. Bul. N. P. 139. 1 Ld. Ray. 735. 6 T. R. 322. 4 Bos. & Pul. 351. But in this case the issue is not on the facts stated in the declaration, but upon the agreement stated in the plea. If the defendant pleads an insufficient plea, whereon issue is joined, and a verdict is taken for the plaintiff, no advantage can be taken by defendant of his bad pleading. 5 Mod. 227. The plea may be taken as amendatory of the declaration after issue and verdict, in order to favour the justice of the ease. After verdict this joinder of issue is aided by the stat. 32 Hen. 8. cap. 30. So a bad issue if it appear, that the plaintiff had cause of action. Ray. 458. At any rate, only a repleader ought to be awarded. 5 Com. Dig. 511.
We come now to consider the motion for a new trial. It appears that the merits have been fairly *99 tried, and that the verdict is consistent with the real justice of the case. I cannot, therefore, agree to set the verdict aside.
Bay, J.
The general rule, that whenever there is a special agreement, the party is bound to declare on it, is well settled. But there are exceptions to it: as if the agreement be lost, or in the hands of the adverse party, who refuse to produce it; or if the defendant puts an end to the agreement by preventing the plaintiff from fulfilling his contract. In the present case, the defendant himself • prevented the plaintiff from fulfilling his contract, and ought not to take an advantage of his own wrong. It appears to me, the plaintiff was well entitled to his action for the time and labour expended in the service of the defendant; and might well rely ón a quantum, meruit in his services, while in defendant’s employ..
Colcock, J.
It is unnecessary to go into the general question, because the defendant by his pleading, supplied the deficiency of the plaintiff’s declaration, and by the plea the agreement is specially set forth, and made the subject of the issue referred to the jury.
Judge Smith concurred.
Judge Nott and Judge Grimke dissented.